**IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION**

| | | |
|---|---|---|
| Buffalo Seafood House LLC *et al*., | ) | Civil Action No. 7:22-cv-1242-RMG |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| Republic Services, Inc., *et al*., | ) | |
| | ) | |
| Defendants. | ) | |
| ———————————————— | ) | |
| | ) | |
| A+ Auto Service, LLC, | ) | |
| | ) | Civil Action No. 2:21-1492 |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| Republic Services of South Carolina, LLC, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |
| ———————————————— | ) | |

**ORDER**

This matter comes before the Court following a remand from the United States Court of Appeals for the Fourth Circuit "for the limited purpose of allowing the district court to rule on the parties' joint motion" to modify the Court's earlier order on class communications." *Buffalo Seafood House LLC v. Republic Services, Inc.*, Appeal No. 23-1922 (4th Cir. 2023) (Dkt. No. 177). The parties jointly moved on September 26, 2023 to modify the Court's class communication order (Dkt. No. 92) by stipulating that arbitration/contract waiver provisions included in Defendants' contracts on or after April 1, 2021 would not be applied retroactively to claims for damages which arose under prior contracts which did not contain arbitration/class waiver provisions. (Dkt. No.

1

170).  The parties further stipulated that the enforceability of arbitration/class waiver provisions contained in contracts executed after April 1, 2021 regarding claims for damages which arose after the execution of such contracts would remain an open issue, with all parties able to argue for or against such provisions. (*Id.*).

By way of background, the Court issued its class communication order on March 22, 2023 following uncontested reports that Defendants were communicating with putative class members by offering a new contract with an arbitration/class waiver provision without disclosing this pending litigation and the potential adverse impact the signing of the new contract might have on their right to recover in this action.  The Court found such communications were designed "to reduce the number of potential class members in the case" and were "improper and threaten[ed] the proper functioning of this litigation."  (Dkt. No. 92 at 4).  The Court ordered that Defendants must fully disclose to putative class members offered new contracts with the arbitration/class waiver provision of "the existence of this litigation and the consequence of executing the new agreement." (*Id*. at 4-5).  The Court further directed that any putative class members who had already executed the new contracts after March 2019 to be informed of the claims in this litigation and afforded the opportunity to rescind the new agreement. (*Id*. at 5).

Defendants thereafter moved before the Court to reconsider the class communication order, filed an appeal to the Fourth Circuit, withdrew that appeal, and filed a second appeal. (Dkt. Nos. 96, 101, 128, 150).  While the class communication order was on appeal in the Fourth Circuit, the parties moved before the Court to modify the class communication order.  (Dkt. No. 170).  The Court issued an Indicative Ruling on October 3, 2023 pursuant to Federal Rule of Civil Procedure 62.1, stating that the parties' proposal addressed a number of the Court's concerns regarding the Defendants' introduction of an arbitration/class waiver provision in new contracts and raised

2

substantial issues worthy of further consideration as a possible acceptable alterative to the previously issued class communication order if the Fourth Circuit determined to remand the matter to the Court. (Dkt. No. 173). On November 15, 2023, the Fourth Circuit remanded this matter to the Court for consideration of the proposed modification of the class communication order.

Having reviewed the full record in this matter and the parties' proposal to resolve the class communication issue, the Court is persuaded that the following offers an equally effective method to prevent any erosion of the rights of putative class members during the pendency of this litigation:

1.    In accord with the stipulations of the parties, the arbitration/class waiver provisions of Defendants' contracts with their customers issued on or after April 1, 2021 shall not be applied to reach claims that arose under prior agreements that did not contain an arbitration/class action waiver. Thus, arbitration/class waiver provisions adopted in contracts issued on or after April 1, 2021 will not be applied retroactively to exclude those customers from being a member of the putative class in this action or limit those putative class members' alleged damages for injuries that occurred before the execution of contracts containing an arbitration/class waiver provision. Nothing in this order shall be construed to indicate that named plaintiffs or putative class members have any entitlement to a damage award, which remains unresolved at this time.

2.    The enforceability of the arbitration/class waiver provisions of any of Defendants' contracts issued on or after April 1, 2021 for alleged damages which occurred after the execution of contracts with arbitration/class waiver provisions remains unresolved at this time. Each party maintains its right to argue for or against the enforceability of the arbitration/class waiver provision for alleged damages which arose after the execution of contracts with arbitration/class action waivers.

3.    No party has waived any argument it may make at class certification or in any pending or future appeal except for the joint stipulations of the parties referenced in Paragraphs 1 and 2 above.

4.    This ruling does not apply to the enforcement of arbitration/class waiver provisions contained in legacy contracts (contracts with companies that were acquired by Defendants).

5.    The Court hereby vacates its earlier order regarding class communications. (Dkt. No. 92).

**AND IT IS SO ORDERED**.

s/ Richard M. Gergel
Richard M. Gergel
United States District Judge

December 21, 2023
Charleston, South Carolina